413

[Civ. No. 3744.   Fourth Dist.   Feb. 28, 1949.]

NORMAN I. FADEL, Appellant, v. VICTOR SLAYMAN
et al., Respondents.

Joseph T. Enright for Appellant.

Henry O. Wackerbarth and James R. McBride for Respondents.

MUSSELL, J.—Plaintiff appeals from a judgment rendered in favor of defendants in an action to foreclose a mechanic's lien.  Plaintiff, a licensed contractor entered into an oral agreement with defendants Victor Slayman and Jennie Slayman to construct a residence and garage on property of the defendants in the city of Lindsay.  Plaintiff alleged that under the agreement he was to furnish all material and labor necessary to build the buildings; that the defendants agreed to pay the cost of labor and materials, plus 15 per cent as plaintiff's

fee; that the cost, plus 15 per cent, was of the current market value, agreed price and reasonable value of $12,864.37, and that $8,250 had been received by him.

Defendants alleged that plaintiff agreed to furnish the labor and materials to erect the residence building for the sum of $7,500; that thereafter said parties further agreed that the plaintiff would erect a garage for said building at a cost of $500; that pursuant to the agreement the plaintiff furnished the labor and materials and did erect a frame residence building and garage and defendants paid to plaintiff the sum of $8,000.

The issues as to the contract were first tried and at the conclusion of the evidence as to these issues the court indicated that it would rule in favor of defendants, that is, that the plaintiff agreed to furnish the labor and materials for the construction of said building and garage for the total sum of $8,000, and the court then declined to hear evidence with reference to the reasonable value of the labor and materials furnished.

The court found that plaintiff had agreed to erect the residence and garage in accordance with certain plans and specifications which plaintiff had shown defendants, for the sum of $7,500, payable during the course of construction, and an additional $500 for a garage to be erected on the premises; that plaintiff completed the work and defendants then took possession; that defendants paid $8,000 on the contract which sum was payment in full to plaintiff for the cost. of construction including all labor and materials in accordance with the contract between plaintiff and defendants.

The sole question on this appeal is whether the evi dence sustains the findings. Victor Slayman, one of the defendants, testified that he had a conversation with plaintiff about building a home, in which conversation plaintiff suggested that he was pretty busy and to contact his son; that he was later introduced to plaintiff's son Bob; that later Bob presented plans and specifications of different houses to Victor and his mother, Jennie Slayman; that none of these plans was acceptable and that the following evening Bob Fadel brought other plans and specifications, from which one particular set was selected by Jennie Slayman; that Bob Fadel then said he would build the home for $7,500 and the garage for $500 additional; that "I looked at my mother and she said, 'That is satisfactory with me,' and I said, 'Fine, if that is what you want that is O.K. with me.'"

Jennie Slayman testified that when Bob Fadel brought the first plans they were not acceptable; that the second night Fadel came back with about four or five plans and they picked the one they liked; that there was no change between the house as it now stands and the house explained to her that night; that she asked Fadel how much the house would cost and he said $7,500 and $500 for the garage and that Fadel told her he would build the house for $7,500; that she said, "Fine, go ahead." The testimony of both defendants was corroborated by Isaballe Saba.

Abe Andrews, a brother of defendant Jennie Slayman, testified that Bob Fadel told him several times that he was building this house and that the price was $8,000. Wade Tottle testified that he took the labor contract on the buildings and discussed the plans with Bob Fadel and that Fadel stated that the contract price was $7,500 for the house and an added price of $500 for the garage.

Plaintiff's argument to the effect that the contract, found to exist, lacks the essential requisite of certainty as to subject matter, is without merit. There was substantial evidence that specific plans and specifications of the building were selected by the parties, and the construction was completed in accordance therewith and that thereafter defendants took possession. The uncertainty, if any, in the evidence as to which set of plans was accepted or as to the manner in which the house and garage were to be built, was, on conflicting evidence resolved by the court in favor of defendants.

The findings of the trial court were supported by substantial evidence and under such circumstances, where there is a conflict in the evidence the judgment will not be reversed. (2 Cal.Jur. § 543, p. 921; *Rutherford* v. *Berick*, 82 Cal.App.2d 331 [186 P.2d 23].)

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.